UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARWAN WILLIAMS,

        Plaintiff,

v.

                                    Case No.: 23-11593
                                    Hon. Gershwin A. Drain

NAVY FEDERAL CREDIT
UNION, et al.,

        Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#3]

### I. INTRODUCTION

On June 1, 2023, *pro se* Plaintiff Marwan Williams commenced this action in the state court against Defendants Navy Federal Credit Union ("Navy Federal") and Mary McDuffie, the President and Chief Executive Officer of Navy Federal. Plaintiff alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Now before the Court is the Defendants' Motion to Dismiss Plaintiff's Complaint, filed on July 12, 2023.

1

Defendants argue that Plaintiff's claims against Defendant McDuffie fail because Plaintiff does not make any specific allegations against her personally and an individual cannot be held liable solely because she is the Chief Executive Officer of a corporate defendant. Additionally, Defendants maintain that Plaintiff's FDCPA claim fails because Defendant Navy Federal is not a debt collector to whom the statute applies, but rather it is a creditor. Finally, Plaintiff's FCRA claim fails because his allegations are devoid of sufficient facts that show the information reported was inaccurate or misleading, and they do not assert that Navy Federal received notice of a dispute from a credit reporting agency.

Despite ordering Plaintiff to file a Response to the Defendants' present motion on August 15, 2023, Plaintiff has failed to file a Response to their motion. *See* ECF Nos. 4-5. Upon review of the Defendants' present motion and the relevant authority, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the Defendants' Motion to Dismiss on the brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will grant Defendants' Motion to Dismiss.

## II.    FACTUAL BACKGROUND

The majority of Plaintiff's Complaint is nonsensical and the factual basis for his claims is difficult to discern; however, the Court finds that Plaintiff entered into

a contract with Navy Federal for a credit card. "During the period of July 7, 2022 & August 27, 2022 [Plaintiff] had cause to examine banking policies and contract law and discovered alarming information regarding the validity of credit card and personal loan facilities at Navy Federal Credit Union and others." ECF No. 1, PageID.13. Plaintiff sent Navy Federal a request for an "Affidavit of Original purchase agreement/contract signed by Marwan Williams" on July 7 and August 27, 2022, but he did not receive a response. *Id*., PageID.10. Plaintiff "asked [Navy Federal] if [Plaintiff] had deposited a security instrument with Navy Federal" and whether Navy Federal "is in possession of [Plaintiff's] deposited security instrument." *Id*., PageID.13. Plaintiff alleges that Navy Federal has failed to "provide complete accounting of charges from Records of all accounts." *Id*., PageID.10.

 Further, Plaintiff alleges that Navy Federal has failed to "Cease AND DESIST all reporting and delete all negative items from all credit reports." *Id*., PageID.10. He asserts that Navy Federal has "damaged our financial and credit status by a submission of judgments, to credit file agencies." *Id*., PageID.13-14. He also maintains that Navy Federal registered "credit file judgments resulting in commercial damage in the form of a severely impacted credit rating." *Id*., PageID.15. Plaintiff seeks "[t]he full restoration of status by retraction of all credit

file entries, with credit file, reference agencies, Equifax, Experian, Transunion, Lexis Nexus and others that may have been informed." *Id.*

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim." *Id.*

### B. Defendant Mary McDuffie

McDuffie is the president and CEO of Navy Federal.[1] Although she is listed as a Defendant, the Complaint does not assert any claims against McDuffie. Rather, the only mention of McDuffie by name in the Complaint is under the heading "Statement of Stress" and states as follows:

> Marwan Williams non-domestic without United States of America, Here in after The affiant Navy Federal Credit Union & Mary McDuffie 820 Follin Ln SE, Vienna, VA 22180 hereinafter. The respondents [sic]

ECF No. 1, PageID.11. Although there is a subsequent reference to Navy Federal's "chief executive officer," the statement is vague and fails to specify the nature of the claim, stating:

> One whereby, offices of acting as chief executive officer have disregarded the well-settled customs traditions and laws of this country and engaged in defamatory actions leading to harm and loss

---

[1] *See* navyfederal.org/content/dam/nfculibs/pdfs/membership/2022-annual-report.pdf. This Court may take judicial notice of Navy Federal's Annual report for the purpose of establishing this fact. *See Ford Motor Co. v. Intermotive, Inc.*, No. 4:17-cv-11584, 2020 U.S. Dist. LEXIS 105695, at *3 n.2 (E.D. Mich. June 17, 2020) (taking judicial notice of Ford Motor Company's 2019 Annual Report under Fed. R. Evid. 201); *Drake v. Frederick W. Smith FedEx Corp.*, No. 2:21-cv-02636-JTF-atc, 2022 U.S. Dist. LEXIS 218432, at *10 (W.D. Tenn. Dec. 5, 2022) (taking judicial notice of the website and annual reports of Federal Express, including the fact that Fredrick Smith is its founder and serves as its Executive Chairman of the Board of Directors).

and Commercial damage in addition to selling property belonging to a affiant without prior permission [sic]

ECF No. 1, PageID.12.

The situation here is similar to that in *Sloan v. Trans Union, LLC*, No. 10-10356, 2010 U.S. Dist. LEXIS 47028, at *1-2 (E.D. Mich. Apr. 22, 2010), wherein the plaintiff asserted claims based on credit reporting against Trans Union and Experian as well as the presidents of these companies. In dismissing the claims against the individual executives, the court held as follows:

> The individual defendants cannot be held liable solely because they are the chief executive officers for the corporate defendants and, by failing to make any claims against them, plaintiff has failed to give sufficient notice to the defendants as to what claims are alleged and to plead sufficient factual matter to render the legal claim plausible. As such, the individual defendants should be dismissed on the basis that plaintiff failed to state a claim upon which relief can be granted against them.

*Id.* at *5-6, citing *Iqbal*, 556 U.S. 678-79. *See also Hahn v. Star Bank*, 190 F.3d 708, 714 (6th Cir. 1999) (dismissing FCRA claims against individual employees because employees of a corporation have no personal liability for the torts of the corporation unless the individual personally participated in the challenged actions).

Here, as with the CEOs in *Sloan*, the Complaint does not include any specific allegations against Defendant McDuffie. Defendant McDuffie cannot be held liable merely because she is the President and CEO of Navy Federal. Because he has failed to make any claims against McDuffie as an individual, Plaintiff has

failed to give sufficient notice as to what claims are alleged or plead sufficient facts to render a claim plausible. *Sloan*, 2010 U.S. Dist. LEXIS 47028, *5-6. As such, Plaintiff's claims against Defendant McDuffie are dismissed.

### C. FDCPA

Plaintiff's claims under the FDCPA also fail as a matter of law because the FDCPA only applies to debt collectors, and Navy Federal is not a debt collector. *See Garner v. Select Portfolio Servicing, Inc.*, No. 17-1303, 2017 U.S. App. LEXIS 21546, at *8 (6th Cir. Oct. 27, 2017) (citing *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012)). The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Willison v. Nelnet, Inc.*, 850 F. App'x 389, 391 (6th Cir. 2021) (citing 15 U.S.C. § 1692a(6)).

Under this definition, an entity has "to attempt to collect debts owed another before [it] can ever qualify as a debt collector." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 87 (2017). Creditors who collect in their own name and whose principal business is not debt collection are not subject to the FDCPA. *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 104 (6th Cir. 1996) ("A debt collector does not include the consumer's creditors."); *Montgomery v. Huntington*

*Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003) ("A creditor is not a debt collector for purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts."); *Agbay v. Wells Fargo Bank, N.A.*, No. 11-14060, 2012 U.S. Dist. LEXIS 103475, at *18-19 (E.D. Mich. July 25, 2012)("The plain language of 15 U.S.C. § 1692a(6)(F)(ii) excludes as a 'debt collector,' a creditor who is collecting his or her own debt.").

In this case, it is undisputed that Plaintiff opened a credit card account with Navy Federal. The claims asserted in the Complaint concern this account. ECF No. 1, PageID.10. Plaintiff's allegations are similar to those at issue in *Lemke v. Barclays Bank Del.*, No. 1:14-CV-14449, 2015 U.S. Dist. LEXIS 69598, at *1 (E.D. Mich. Mar. 31, 2015), in which the court dismissed the FDCPA claims asserted against the issuer of a credit card. In *Lemke*, the *pro se* plaintiff alleged that the defendant failed to properly validate her debt. *Id*. at *11. The *Lemke* plaintiff did not allege any facts to suggest that the defendant was a debt collector. *Id*. at *15. Rather, the pleadings and attachments merely showed that the defendant had issued a credit card to her. *Id*.

Here, as in *Lemke*, Plaintiff's request for "complete accounting of charges" concerns his credit card account with Navy Federal. Because the FDCPA does not apply to creditors seeking to collect on their own accounts, Plaintiff's claim fails as a matter of law. *Henson*, 582 U.S. at 87; *see also Gill v.*

*Navy Fed. Credit Union (In re Gill)*, Nos. 09-15976-JNF, 13-1111, 2013 Bankr. LEXIS 2735, at *6-8 (Bankr. D. Mass. July 8, 2013) (granting a motion to dismiss holding that the plaintiffs failed to state a plausible claim that "[Navy Federal] is a 'debt collector' within the meaning of the FDCPA.").

In any event, Plaintiff merely asserts that Navy Federal failed to provide a complete accounting to Plaintiff. ECF No. 1, PageID.10. Similar to the pleadings in *Lemke*, the Complaint is devoid of allegations that any debt collection activities occurred. Accordingly, the Complaint fails to allege a plausible claim for relief under the FDCPA.

    **D. FCRA**

Plaintiff also fails to allege facts that state a viable claim against Navy Federal with regard to the credit reporting of his account. In the Complaint, Plaintiff seeks to require Navy Federal to cease reporting information regarding his account and "delete all negative items from all credit reports." *Id*. Specifically, he requests "[t]he full restoration of status by retraction of all credit file entries, with credit file, reference agencies, Equifax, Experian, Transunion, Lexis Nexus and others that may have been informed." ECF No. 1, PageID.15.

Here, the Complaint does not identify the specific credit information at issue, fails to allege that the information Navy Federal reported is inaccurate or misleading, and fails to allege that Plaintiff disputed the credit reporting of his

account with a Credit Reporting Agency or that Navy Federal received notice of such a dispute from a Credit Reporting Agency. "Under the FCRA, those who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished." *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019) (quoting *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853 (6th Cir. 2004)).

Moreover, "[t]he Sixth Circuit has repeatedly held that 'consumers must file a dispute with a Credit Reporting Agency to trigger the furnisher's duty to investigate under'" the Act. *Suri v. Wells Fargo Bank, NA Defendant*, No. 21-10866, 2023 U.S. Dist. LEXIS 77180, at *11 (E.D. Mich. May 3, 2023) (quoting *Scott*, 936 F.3d at 517). A consumer may assert a claim under the FCRA "only after a furnisher has received proper notice of a dispute from a [Credit Reporting Agency]." *Boggio*, 696 F.3d at 616. Specifically, a plaintiff must allege: "(1) that the furnisher received notice from a [Credit Reporting Agency] that the plaintiff was disputing the information at issue, and (2) that the furnisher did not comply with its statutorily required duties." *Suri*, 2023 U.S. Dist. LEXIS 77180, at *11 (citing *Hussey v. Equifax Info. Servs., LLC*, 592 F. Supp. 3d 688 (W.D. Tenn. 2022)).

Further, in addition to showing that it actually received notice of a dispute, a plaintiff asserting that a furnisher failed to conduct a reasonable investigation in violation of the Act must make a "threshold showing" that the information disputed is inaccurate or incomplete. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629-30 (6th Cir. 2018). To meet this standard, a plaintiff must show that: (a) the information provided is false; (b) it contains a material omission; or (c) it "creates a materially misleading impression." *Id*. at 630.

Here, the Complaint merely states that there are "negative items" listed in Plaintiff's credit reports. ECF No. 1, PageID.10. Plaintiff does not provide any description of these "negative items" that would allow Navy Federal to identify them. Consequently, Plaintiff has failed to provide Navy Federal with fair notice of what his claim is and the grounds upon which it rests, as required to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 555. Although he requests deletion of the "negative items" in his credit reports, the Complaint fails to allege that these negative items are in any way inaccurate. Because Plaintiff has not alleged facts sufficient to make the required threshold showing that the information at issue is inaccurate or incomplete, he cannot state a viable claim under the FCRA.

Even if Plaintiff had identified specific credit information that Navy Federal furnished that he alleges to be inaccurate, his claim would still fail as a matter of

law. The Complaint does not allege that Plaintiff ever disputed the reporting of his account with one of the credit reporting agencies or that Navy Federal received notice of such a dispute. Because a furnisher's obligations under the Act do not arise until it has received notice of a dispute from a credit reporting agency, Plaintiff has failed to state a claim for violation of the FCRA. For each of these reasons, Plaintiff's credit reporting claim will also be dismissed.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendants' Motion to Dismiss [#3] is GRANTED.

SO ORDERED.

Dated: November 30, 2023                     /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Marwan Williams, 8452 Rivard Avenue, Warren, MI 48089 on November 30, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager